```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x

 JOSEPH SHEROD CANNNON,

                    Plaintiff,              MEMORANDUM & ORDER
                                             25-CV-2547 (EK)(SIL)
           -against-

 THE CITY OF NEW YORK, et al.

                    Defendants.

----------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Joseph Sherod Cannon brings this action against the City of New York, numerous City, State, and federal agencies, and certain individuals. Proceeding *pro se*, he alleges constitutional claims arising from his housing eviction, his time in Nassau County detention, and certain trademark applications. His request to proceed *in forma pauperis* under 28 U.S.C. § 1915 is granted. For the reasons set forth below, the complaint is dismissed without prejudice.

## I. Background

        Plaintiff's complaint and attached exhibits total 776 pages and complain broadly of various civil rights violations. *See* Compl., ECF No. 1. Plaintiff's core claims, and the bases underlying them, remain largely unclear. Cannon was "approved for [social] Housing through the NYS Office of Mental Health," which led to him living at the Charles Evans Center. *Id.* at 5.

Without providing factual detail, he claims he was harassed there. *Id.* Inexplicably, in August 2024, he was detained for fifty-five days in Nassau County Jail, despite being told he would be released the next day. *Id.* at 8. In April 2025, he claims he was locked out of his apartment and thereafter received an eviction notice. *Id.* at 10; ECF No. 1-23, at 3[1]. The County did not provide him with housing. Compl. 12. Cannon separately contends that he filed two trademark applications For "Joseph Cannon, Inc." and "Space Gear Royal" but, since paying the filing fee at the U.S. Patent and Trademark Office, "ha[s] been receiving mail and threats." *Id.*

He asserts violations of his First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights. *Id.* at 13. He requests $56 billion in relief and an injunction that would allow him to move to single-occupancy housing. *Id.* at 14.

## II.  Standard of Review

A district court will dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At this stage, "the court's task is to assess the legal feasibility of the

---

[1] This refers to the ECF pagination, as there are multiple documents within this single exhibit that have separate sets of internal pagination.

complaint." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).[2] In doing so, the court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007). *Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the court will read a *pro se* complaint liberally and interpret it as raising the strongest claims it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, to survive a motion to dismiss, the complaint must plead sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

3

of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Discussion

Cannon's complaint does not comply with Section 1915. Liberally construed, Cannon's invocation of his constitutional rights may suggest one or more claims under 42 U.S.C. § 1983. Still, the complaint falls short of alleging a Section 1983 violation. Cannon cites numerous constitutional provisions but insufficient factual content to make any of these claims plausible. *See Baradji v. Delta Airlines*, No. 23-CV-2125, 2923 WL 8283719, at *2 (E.D.N.Y. Nov. 30, 2023) (dismissing without prejudice where plaintiff "d[id] not allege adequate *factual content* to render plausible" his claim). Moreover, he fails to plead basic elements of a Section 1983 claim. *See Pimentel v. Port Auth. of NY & NJ*, Nos. 23-CV-6560 & 23-CV-6603, 2024 WL 3637803, at *1-2 (E.D.N.Y. Aug. 2, 2024) (dismissing without prejudice for failure to plead the basic elements of a Section 1983 claim).

***State Action***. To bring a Section 1983 case, a plaintiff must allege that "a person acting under color of state law" has violated a right guaranteed by the U.S. Constitution. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Section 1983 does not generally apply to claims against private individuals or private organizations. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*,

4

526 U.S. 40, 50 (1999). Cannon brings claims against several private individuals without claiming or illustrating that they are acting under color of state law.

**Monell *Claim*.** The City may be liable under Section 1983, but only if Cannon shows that a municipal policy or custom caused the deprivation of his constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). He cites no such policy or custom.

### IV.  Leave to Amend

Given his *pro se* status, Plaintiff is granted thirty days from the date of this order to amend his complaint. Any amended complaint will completely replace, not supplement, the prior complaint. Therefore, the amended complaint must include all claims and factual allegations against all defendants, must be captioned an "Amended Complaint," and should bear the same docket number as this Memorandum and Order. Plaintiff should state his claims in numbered paragraphs, each limited as much as possible to a single set of circumstances. If Plaintiff submits exhibits, the complaint should clearly reference the exhibit and explain its relevance. However, Federal Rule of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's prior submission *far* exceeds that length.

5

If Plaintiff fails to file an amended complaint within the time allowed or cure the deficiencies identified in this order, the case will be dismissed with prejudice, and judgment shall enter.

## V. Conclusion

For the foregoing reasons, the plaintiff's complaint is dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff and to note the mailing on the docket.

SO ORDERED.

       /s/ Eric Komitee
       ERIC KOMITEE
       United States District Judge

Dated:    December 19, 2025
            Brooklyn, New York